Filed 10/12/21  P. v. Courtney CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>DERRICK COURTNEY,<br><br>    Defendant and Appellant. | C091706<br><br>(Super. Ct. No. 02F00882) |

Defendant Derrick Courtney appeals from the trial court's order denying his petition for resentencing under Penal Code section 1170.95.[1]  Defendant argues the trial court erred when it determined he was ineligible for resentencing as a matter of law based on the jury's robbery-murder special circumstance finding.  We will affirm the trial court's order.

---

[1] Undesignated statutory references are to the Penal Code.

1

## FACTUAL AND PROCEDURAL BACKGROUND

In 2004, a jury found defendant guilty of first degree murder (§ 187, subd. (a)), robbery while acting in concert (§§ 211, 213, subd. (a)(1)(A)), and possession of a firearm by a felon (former § 12021, subd. (a)(1)).  The jury also found true allegations that defendant personally used a firearm as to the murder and robbery counts (§§ 12022.5, subd. (a), 12022.53, subd. (b)) and a robbery-murder special circumstance as to the murder count (§ 190.2, subd. (a)(17)).

On appeal, we affirmed the convictions and corrected an error in the fines imposed.  (*People v. Courtney* (Sept. 28, 2006, C047770) [nonpub. opn.].)[2]  Our opinion laid out the evidence introduced at trial.  In short, defendant and codefendant Melvin Peete robbed the victim at his home.  As they left the home in the victim's car, Peete shot the victim, who died shortly thereafter.

On January 1, 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess.), which was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life," became effective. (Stats. 2018, ch. 1015, § 1, subd. (f).)  Senate Bill No. 1437 achieved these goals by amending section 188 to require that a principal act with express or implied malice (§ 188, as amended by Stats. 2018, ch. 1015, § 2), and by amending section 189 to state that a person can be liable for felony murder only if (1) "[t]he person was the actual killer"; (2) the person, with an intent to kill, was an aider or abettor "in the commission of murder in the first degree"; or (3) "[t]he person was a major participant in the underlying

---

[2]  At defendant's request, we incorporated by reference the record in the direct appeal from his convictions.

felony and acted with reckless indifference to human life . . . ." (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, § 3.)

Senate Bill No. 1437 also added section 1170.95 to provide the resentencing petition process for a "person convicted of felony murder or murder under a natural and probable consequences theory." (§ 1170.95, subd. (a).) After a defendant submits a petition and the court performs an initial review for missing information, subdivision (c) of section 1170.95 provides, in part: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served." (§ 1170.95, subd. (c).)

In 2019, defendant filed a form petition for resentencing under section 1170.95. In the petition, defendant declared that a complaint, information, or indictment had been filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, that he was convicted of first degree or second degree murder under the felony-murder rule or the natural and probable consequences doctrine, and that he could not now be convicted of first or second degree murder based on the recent changes to sections 188 and 189. He requested that the court appoint him counsel. The petition also attached portions of the reporter's transcript from trial, including the return of the verdicts and portions of the jury instructions.

The trial court appointed counsel and received briefing from the parties. The court then issued a written decision denying the petition. The court explained, "Defendant Courtney essentially seeks to utilize the instant [section] 1170.95 proceeding to vacate the [section] 190.2(a)(17) robbery-murder special circumstance that was unanimously found true by a jury beyond a reasonable doubt in this case. The judgment was affirmed

3

on appeal, and defendant Courtney presents no evidence to show that any court has vacated that special circumstance finding, a finding that was made after the jury was instructed with CALJIC No. 8.80.1, on the requirement that the defendant either was the actual killer, acted with intent to kill, or was a major participant in the robbery who acted with reckless indifference to human life.

"[Section] 1170.95 does not provide for such a vacating to occur, and this court has no jurisdiction under [section] 1170.95 to vacate the special circumstance finding. Rather, that would need to be sought through some other procedure in which a court has jurisdiction, such as in a habeas corpus proceeding. Unless and until that is obtained, defendant Courtney is not eligible for relief under [section] 1170.95 in Case No. 02F00882, because defendant Courtney is not a person who 'could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019,' as a jury can - and did - find true beyond a reasonable doubt, that defendant Courtney was either the actual killer, intended to kill, or was a major participant in a robbery in which he acted with reckless indifference to human life, the requirements now applicable to [section] 189(a) first degree felony-murder under SB 1437."

## DISCUSSION

Citing *People v. York* (2020) 54 Cal.App.5th 250, review granted November 18, 2020, S264954, *People v. Torres* (2020) 46 Cal.App.5th 1168, review granted June 24, 2020, S262011, and their supporting cases, defendant argues the special circumstance finding should not preclude his eligibility under section 1170.95. Because the jury made the finding before our Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), which clarified the definitions of "major participant" and "reckless indifference to human life," he argues, the trial court could not " 'simply defer to the jury's pre-*Banks* and *Clark* factual findings that [defendant] was a major participant who acted with reckless indifference to human

4

life as those terms were interpreted at the time.' " Thus, the matter should be remanded so the trial court may conduct further proceedings as required under section 1170.95.

The People argue the special circumstance finding precludes defendant's eligibility for relief, despite the fact that it predates *Banks* and *Clark*. They argue *Banks* and *Clark* did not alter section 190.2, and note there is currently a split of authority "on the question of whether a true finding on a pre-*Banks/Clark* felony-murder special circumstance makes a petitioner ineligible for section 1170.95 relief as a matter of law." Citing, among others, *People v. Nunez* (2020) 57 Cal.App.5th 78, review granted January 13, 2021, S265918, and *People v. Allison* (2020) 55 Cal.App.5th 449, the People urge us to "adopt the most logical interpretation of section 1170.95 and recognize that the proper way for a defendant to attack the sufficiency of a special circumstance finding post-*Banks/Clark* is through habeas corpus proceedings," rather than a section 1170.95 petition. Thus, they conclude, the trial court correctly determined defendant was ineligible for relief because of the special circumstance finding, for which he had not first sought habeas relief.

As both parties note, there is currently a split in appellate decisions on whether a pre-*Banks/Clark* special circumstance finding precludes eligibility for relief under section 1170.95, and the issue is currently pending before our Supreme Court. (Compare *People v. Nunez, supra*, 57 Cal.App.5th 78, rev. granted; *People v. Allison, supra*, 55 Cal.App.5th 449; *People v. Jones* (2020) 56 Cal.App.5th 474, review granted Jan. 27, 2021, S265854; *People v. Gomez* (2020) 52 Cal.App.5th 1, review granted Oct. 14, 2020, S264033; *People v. Murillo* (2020) 54 Cal.App.5th 160, review granted Nov. 18, 2020, S264978 with *People v. Torres, supra*, 46 Cal.App.5th 1168, rev. granted; *People v. York, supra*, 54 Cal.App.5th 250, rev. granted; *People v. Law* (2020) 48 Cal.App.5th 811, review granted July 8, 2020, S262490; *People v. Smith* (2020) 49 Cal.App.5th 85, review granted July 22, 2020, S262835; *People v. Harris* (2021) 60 Cal.App.5th 939, review

granted Apr. 28, 2021, S267802.)  In the meantime, we agree with the People and find the *Nunez/Allison* line of cases more persuasive.

We disagree with *Torres* and *York* "because, in our view, they rest on a misunderstanding of the effect of *Banks* and *Clark*, and they overlook the plain language of section 1170.95."  (*People v. Jones, supra*, 56 Cal.App.5th at p. 483, rev. granted.)  "*Banks* and *Clark* did not state a new rule of law.  Rather, the high court in those cases 'merely clarified the "major participant" and "reckless indifference to human life" principles that existed when defendant's conviction became final.'  (*In re Miller* (2017) 14 Cal.App.5th 960, 978; *Allison, supra*, 55 Cal.App.5th at p. 458.)"  (*People v. Nunez, supra*, 57 Cal.App.5th at p. 92, rev. granted.)  "Jury instructions regarding the mental state required for a felony-murder special circumstance are not defective if they do not include the *Banks* and *Clark* factors.  [Citation.]  Indeed, the pattern jury instruction regarding major participation and reckless indifference remains the same as it was before *Banks* and *Clark*."  (*People v. Allison, supra*, 55 Cal.App.5th at p. 458.)  Thus, "the pre-*Banks* and *Clark* jury necessarily resolved the same factual issues beyond a reasonable doubt that a *post-Banks* and *Clark* jury would necessarily resolve beyond a reasonable doubt."  (*People v. Nunez, supra*, 57 Cal.App.5th at p. 94.)

Moreover, section 1170.95 expressly limits evidentiary hearings to circumstances where a petitioner can demonstrate they "could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(3).)  Here, as in *Nunez* and *Allison*, defendant is not seeking relief "because of" the changes to section 189 by Senate Bill No. 1437 as applied to his murder conviction, but because of purported changes in the law by *Banks* and *Clark* as to his special circumstance finding.  (*People v. Nunez, supra*, 57 Cal.App.5th at p. 95, rev. granted; *People v. Allison, supra*, 55 Cal.App.5th at p. 460.)

The appropriate vehicle for asserting such a challenge is not a petition under section 1170.95.  (*People v. Allison, supra*, 55 Cal.App.5th at p. 461 ["The purpose of

section 1170.95 is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to provide a do-over on factual disputes that have already been resolved"].)  If defendant believes the jury's special circumstance finding lacks evidentiary support, the appropriate procedure for challenging it is by a petition for habeas corpus.  (*People v. Nunez, supra*, 57 Cal.App.5th at p. 96, rev. granted.)  As noted above, *Banks* and *Clark* clarified the "major participant" and "reckless indifference to human life" standards.  "Where a decision clarifies the kind of conduct proscribed by a statute, a defendant whose conviction became final before that decision 'is entitled to post-conviction relief upon a showing that his [or her] conduct was not prohibited by the statute' as construed in the decision.  [Citation.]  'In such circumstances, it is settled that finality for purposes of appeal is no bar to relief, and that habeas corpus or other appropriate extraordinary remedy will lie to rectify the error.' " (*In re Scoggins* (2020) 9 Cal.5th 667, 673-674.)  Any challenge to the special circumstance finding should thus come through a petition for habeas relief, rather than a section 1170.95 petition.  Accordingly, the trial court correctly denied defendant's petition.[3]

---

[3]  Assuming his prima facie eligibility for relief, defendant further argues the correct remedy is remand to the trial court for an evidentiary hearing, rather than the approach taken by *People v. Law, supra*, 48 Cal.App.5th 811, review granted, which agreed with defendant that a pre-*Banks/Clark* special circumstance finding did not preclude relief per se, but proceeded to analyze the underlying facts of the case to conclude the defendant would still qualify as a major participant who acted with reckless indifference to human life under the post-*Banks/Clark* standards.  (*Id.* at p. 825.)  Because we conclude defendant was not eligible for relief in the first instance, we do not reach this argument.

## DISPOSITION

The trial court's order is affirmed.

      /s/                    

RAYE, P. J.

We concur:

      /s/                    

MURRAY, J.

      /s/                    

HOCH, J.